ROMAGUERA & Co. *v.* CASTRO & Co.

APPEAL from the District Court of Guayama.

No. 485.—Decided May 27, 1910.

STATEMENT OF FACTS—IDENTIFICATION OF ORAL EVIDENCE—LACK OF IDENTIFICATION OF DOCUMENTARY EVIDENCE.—In the case at bar the statement of facts closes as follows: ''I certify that the foregoing transcript is a true, exact and faithful copy of the testimony of the witnesses given during the course of the trial of the action, the title of which appears above, and which is to be filed in the office of the secretary of this court together with the record of the cause.'' From the terms of the foregoing certificate it appears that the evidence of the witnesses heard at the trial is duly identified and included in the statement of the case; but the same cannot be said with regard to the documentary evidence, for, although evidence of this character is inserted therein, the judge does not certify that it was introduced at the trial; wherefore, it cannot have any wider legal scope than it would have had, if it had come in the record outside the statement of facts and certified to only by the secretary of the court, or by the attorneys who took part in the action.

MOTION FOR NONSUIT—EXCLUSION OF DOCUMENTARY EVIDENCE—LACK OF IDENTIFICATION OF DOCUMENTARY EVIDENCE.—As neither the statement of the case nor the bill of exceptions has been certified to, so as to identify all the evidence presented by the plaintiff when the court denied the defendants' motion to dismiss the case, this court cannot affirm that the court below erred in denying said motion.

ERROR IN CONSIDERING EVIDENCE—LACK OF A DULY APPROVED STATEMENT OF FACTS.—This court cannot enter upon a discussion as to whether an error has been committed by the court below in considering the evidence, when there is no way of ascertaining in an authentic manner the result of all the evidence heard at the trial, through the lack of a statement of facts duly approved by the judge, and not confined, as in this case, to the testimony of witnesses, but including also the documentary evidence.

CONSIDERING THE EVIDENCE AS A WHOLE—INDIVISIBILITY THEREOF.—When there are different elements of evidence which, taken together, have served as a basis upon which the judge has formed his conclusion as to the controverted facts, it is impossible for the appellate court to consider the different ele-

ments separately, by taking some of them into account and disregarding others, for it must always be presumed that the findings of the trial court on the evidence are correct, until the contrary is shown, and this showing to the contrary must appear from all of the evidence introduced and not from some of the facts alone.

The facts are stated in the opinion.

*Mr. V. F. Rodríguez* for appellants.

The party respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This action originated in the municipal court of Cayey, by virtue of a complaint filed on April 28 of last year, by the commercial firm of José Romaguera & Co., of Ponce, against the commercial firm of M. Castro & Co., of Cayey, for the recovery of $340.19, said court having rendered judgment from which an appeal was taken to the District Court of Guayama, which trying the case *de novo* on September 27 last, affirmed the judgment appealed from whereby M. Castro & Co., was adjudged to pay to José Romaguera & Co., the sum claimed, with the costs of the suit. From this judgment of the district court the defendant also took an appeal to the Supreme Court.

The complaint alleges substantially that the defendant firm purchased of the plaintiff two hogsheads of alcohol containing 1,030 liters, at the rate of 6½ cents per liter, which, with the corresponding internal revenue taxes, represented the sum of $340.19; that said hogsheads were shipped by railway to Río Piedras from Arecibo through the Sucessors of Roses & Co. by order of the plaintiff and in pursuance of instructions of the defendant commercial firm, the bill of lading having been forwarded to the latter on February 20, 1909; and that the defendant has refused to pay the plaintiff the amount of the bill, under the pretext that upon applying for the hogsheads at the Rió Piedras station they were found to have been destroyed in a fire which occurred there the night of the 26th of the said month of February.

The defendant commercial firm, in answering the complaint, alleged in its defense that, although the purchase and sale had been made without a fixed term for the delivery of the merchandise, the plaintiff and vendor had agreed by subsequent letters to deliver the same at the Río Piedras station before Sunday, February 21, 1909, which it had failed to do, because the hogsheads did not reach their destination until two days later, and were destroyed in the cars before they had been stored in the station at the disposition of the vendee, who had in due time sent a cart for them but to no purpose, as the plaintiff had failed to deliver them there in due time, as was its obligation.

Both parties offered to produce oral and documentary evidence which was embodied in a statement of facts received in this Supreme Court, as was a bill of exceptions approved and signed by the judge.

The bill of exceptions shows that after the evidence of the plaintiff had been heard, the attorney for the defendant firm filed a motion based on subdivision 5 of section 192 of the Code of Civil Procedure, for the dismissal of the complaint on the ground that it had not been proved that the hogsheads of rum had been received by the railroad company, nor shipped from Arecibo, which motion was denied, the corresponding exception being taken. It also appears that while a witness for the defendant firm was testifying, in connection with the production in evidence of the bill of lading, this document was introduced in evidence as to the part thereof containing the instructions appearing on its back, which was excluded because the instructions referred to obligations affecting third persons, namely, Messrs. Roses and the railroad company, an exception to which ruling was also taken.

It is to be noted that the statement of facts closes as follows:

"I certify that the foregoing transcript is a true, exact and faithful copy of the testimony of the witnesses given during the course of the trial of the action, the title of which appears above, and which is

to be filed in the office of the secretary of this court together with the record of the cause. Guayama, P. R., December 4, 1909. Félix Córdova Dávila, Judge of the District Court.''

In view of the terms of the foregoing certificate, we may affirm that the evidence of the witnesses heard at the trial is duly identified and included in the statement of the case; but we cannot say the same with regard to the documentary evidence, for, although evidence of this character is inserted therein, the judge does not certify that it was introduced at the trial, and, therefore, it cannot have any wider legal scope than it would have had, if it had come in the record outside the statement of facts and certified to only by the secretary of the court or by the attorneys who took part in the action.

The appellant maintains that the inferior court erred in denying the motion to dismiss the action and in the admission as evidence of that part of the bill of lading which relates to the instructions appearing on the back thereof; but as neither from the bill of exceptions nor from the statement of facts, as it has been approved, can we ascertain in an authentic manner all the evidence presented by the plaintiff when the court denied the motion to dismiss the case, and moreover, as the bill of lading, although appearing in the record, has not been duly identified, it is impossible for us to affirm that such errors have been committed.

With relation to the judgment, the appellant prays that it be reversed on account of an error in the findings on the evidence and subsequent violation of the law.

We cannot enter upon a discussion as to whether such an error has been committed, since we have no way of ascertaining in an authentic manner the result of all the evidence heard at the trial, but this would not have been so had we been furnished with a statement of facts duly approved by the judge, whose approval has been confined to the testimony of the witnesses, and omitting the documentary evidence.

When there are different elements of evidence which, taken together, have served as a basis upon which the judge formed

his conclusion as to the controverted facts, it is impossible for the appellate court to consider the different elements separately, by taking into account some of them and disregarding others, because it must be presumed that the findings of the trial court upon the evidence are correct until the contrary is shown, and this showing to the contrary must appear from all of the evidence introduced, and not from some parts of it alone.

We so held in deciding the cases of *Cora May Belden* v. *Gabriel González* (10 P. R. Rep., 253), and *Juan Ignacio Caloca* v. *José L. Vilaseca et al.* (10 P. R. Rep., 261), decided, respectively, on March 9 and 12, 1906.

For the foregoing reasons we are of opinion that the judgment of the District Court of Guayama of September 27 of last year should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Justice Figuéras did not sit at the hearing of this case.